UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DANIEL GONZALEZ,

                Petitioner,

vs.                              Case No. 5:11-cv-197-Oc-36DNF

UNITED STATES OF AMERICA,

                Respondent.
_____

## OPINION AND ORDER

This matter is before the Court on Petitioner's Motion for Post-Conviction Relief (Doc. #1), filed on April 12, 2011. Petitioner moves the Court to vacate his December 12, 1991 plea-based conviction for knowingly and willfully possessing, with intent to distribute, a quantity of cocaine, a Schedule II controlled substance, for which Petitioner was sentenced to five years and three months incarceration, followed by five years of supervised release (underlying criminal case number 91-19-Cr-Oc-12(B)). Petition at 1. Petitioner relies upon the recent case of *Padilla v. Kentucky*, ___ U.S. ___, 130 S.Ct. 1473 (2010), and submits that this Court should set aside his plea-based conviction because his trial counsel rendered ineffective assistance of counsel for failing to inform him "of the consequences" that his plea had on his "immigration status." *Id*. at 1.

Because Petitioner is challenging his underlying conviction, the Court construes the motion as brought pursuant to 28 U.S.C. § 2255. In the alternative, due to Petitioner's *pro se* status, the

Court liberally construes the motion as a petition for writ of error *coram nobis*. No order to show cause was issued on this case because the pleading submitted by Petitioner conclusively shows that Petitioner is not entitled to relief on his claim. *Id.*, § 2255(b).

A review of the pleading and attachments reveal that Petitioner did not appeal his plea-based conviction. Petition at 1. On December 21, 2000, Petitioner's sentence "expired," and he was discharged from supervision by the Office of Probation. *Id*. at 9. Petitioner states he was ordered deported from the United States on June 5, 1996, as a result of the underlying conviction. *Id*. at 2. Because Petitioner has completed his sentence he is no longer "in custody" on the conviction he challenges; and, thus cannot avail himself of the relief available under 28 U.S.C. § 2255(a).

Based on the foregoing and in light of Petitioner's *pro se* status, the Court liberally construes the Motion as a petition for writ of error *coram nobis* pursuant to 28 U.S.C. § 1651(a). *U.S. v. Morgan*, 346 U.S. 502, 511-12 (1954)(holding that a federal prisoner may collaterally challenge his conviction even where he is no longer "in custody" for purposes of section 2255, by using the common law writ of *coram nobis*); *see also U.S. v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005). The *coram nobis* writ is "an extraordinary remedy of last resort available only in compelling

circumstances where necessary to achieve justice." *U.S. v. Mills*, 221 F.3d 1201, 1201 (11th Cir. 2000).

Petitioner seeks to have his 1991 conviction set aside by demonstrating that his counsel was ineffective pursuant to *Padilla.* The Sixth Amendment right to effective assistance of counsel has long been established. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14 (1970). The manner of challenging the effectiveness of one's counsel was established in *Strickland v. Washington,* 466 U.S. 668 (1984). *Padilla* established the rule that failure to advise a defendant of deportation consequences of a guilty plea is *per se* ineffective assistance. *Padilla*, 130 S.Ct. at 1486. In particular, the Supreme Court held that trial counsel representing a non-citizen defendant in connection with a guilty plea has a constitutional duty to advise the defendant that his plea "carries a risk of deportation." *Id*. Petitioner was convicted long before the Supreme Court's ruling in *Padilla*. Thus, in order to obtain the benefit of the *Padilla* ruling, Petitioner must establish that the rule announced in *Padilla* is a "new rule" and the rule is retroactively applicable to convictions on collateral attacks. *See Teague v. Lane*, 489 U.S. 288 (1988).

A "new rule" is defined as a "rule that breaks new ground, imposes a new obligation on the States or the Federal Government, or was not dictated by precedent existing at the time the defendant's conviction became final." *Saffle v. Parks*, 494 U.S.

484, 488 (1990)(internal quotations and citations omitted). New rules are applied retroactively only if: (1) the rule decriminalizes a class of conduct or prohibits the imposition of capital punishment on a particular class of persons; or (2) the rule is a "watershed rule[ ] of criminal procedure" that implicates "the fundamental fairness and accuracy of the criminal proceeding." *Id*. at 495.

Arguably the rule announced in *Padilla* may be construed as a "new rule," however, neither the Eleventh Circuit nor any Court of Appeals have found that *Padilla* applies retroactively. The Fourth Circuit, in *dicta,* has stated that "nothing in the *Padilla* decision indicates that it is retroactively applicable to cases on collateral appeal." *U.S. v. Hernandez-Montreal*, 404 F. App'x 714, 715 n. * (4th Cir. 2010)(citations omitted)(unpublished). *See also U.S. v. Macedo*, Case No. 1:03-cr-55-MO-AK, 2010 WL 5174342 *1 (N.D. Fla. Dec. 15, 2010)(finding *Padilla* not retroactive to cases on collateral review); *Doan v. U.S.*, Case Nos. 1:06-cr-463, 1:06-cr-525, 1:08-cv-958, 1:08-cv-959, 2011 WL 116811 *3 (E.D. Va. Jan. 4, 2011)(finding that *Padilla* is a "new rule" but "has none of the primacy and centrality of the rule adopted in *Gideon*"[1] to warrant its application retroactively); *Dennis v. U.S.*, Case No. 3:08-cr-889-JFA, 2011 WL 1480398 *2 (D.S.C. April 19, 2011)(finding that "*Padilla* is not retroactive."); *U.S. v. Bacchus*, Case No. 93-cr-

---

[1]*Gideon v. Wainwright*, 372 U.S. 335 (1963).

083S, 2010 WL 5571730 *1 (D.R.I. Dec. 8, 2010)(recognizing that research reveals all courts to have addressed the issue found *Padilla* not retroactive, except for one district court case).

Nonetheless, the Court need not determine whether *Padilla* applies retroactively because, even assuming *arguendo* that the Court finds counsel deficient, Petitioner does not allege any prejudice as required by the second prong of *Strickland*. Here, Petitioner does not contend that he was not told of the possibility of deportation, but instead claims that trial counsel told him "not to worry about deportation because no Cubans ever got deported." Petition at 2. Thus, Petitioner concedes that he was aware that his conviction triggered possible deportation. Further, Petitioner neither claims that he was actually innocent of the charges nor claims he had viable defenses to the charges and would have insisted on going to trial. Indeed, even after the *Padilla* decision, "neither the Supreme Court nor [the Eleventh Circuit] has specifically held that a defendant's ignorance of immigration consequences renders his guilty plea involuntary." *Garces v. U.S. Att'y Gen.*, 611 F.3d 1337, 1345 n. 7 (11th Cir. 2010). Consequently, the Court finds Petitioner is not entitled to any relief pursuant to a petition for writ of *coram nobis*.

In the alternative to vacating his conviction, Petitioner asks the Court to "reopen" his immigration case and "cancel immigration." Petition at 2. To the extent that Petitioner may

be challenging his final order of removal, the law is clear that the "sole and exclusive means of judicial review of an order of removal" is a "petition for review filed with the appropriate court of appeals." *See* 8 U.S.C. § 1252(a)(5); *see also, Tefel v. Reno*, 180 F.3d 1286 (11th Cir. 1999). Section 1252 plainly divests this Court of any jurisdiction to entertain a collateral challenge to a final order of removal. Consequently, to the extent that Petitioner seeks to appeal his deportation order, he must seek relief directly with the United States Court of Appeals for the Eleventh Circuit.

Accordingly, it is hereby

**ORDERED and ADJUDGED:**

1. The Motion for Post-Conviction Relief (Doc. #1), construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 or Petition for Writ of Error *Coram Nobis*, is **DENIED**.

2. The **Clerk** is directed to enter judgment accordingly, terminate any pending deadlines and motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1);

*Harbison v. Bell*, ___ U.S. ___, 129 S. Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this 12th day of May, 2011.

Charlene Edwards Honeywell
United States District Judge

SA: hmk

Copies: All Parties of Record